94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph CONTRERAS, Petitioner-Appellant,
v.
Larry KINCHELOE, Superintendent, Spring Creek Correctional
Center, Respondent-Appellee.
 No. 95-35758.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1996.*
Decided Aug. 12, 1996.
 
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner filed a petition for habeas corpus in the district court for Alaska, alleging that his Sixth Amendment right to confrontation had been violated by the trial testimony of a witness who had previously undergone hypnosis. While the state trial court allowed testimony only regarding statements made prior to the hypnosis, Petitioner argues that the history of hypnosis still left him powerless to cross-examine the witness in a competent manner.
 
 
 3
 This court has held that the fact of hypnosis goes to the weight of the evidence, not its admissibility--even where the information obtained through hypnosis is itself admitted into evidence. United States v. Adams, 581 F.2d 193 (9th Cir.), cert. denied, 439 U.S. 1006 (1978). We are not inclined to reexamine the question here. Cf. Rock v. Arkansas, 483 U.S. 44, 60-61 (1987) (analyzing the ability to challenge or impeach the testimony of one who has been hypnotized). Accordingly, we affirm the judgment of the district court dismissing the petition for habeas corpus.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3